■ In the Matter of HENRY P., Appellant, v ALICIA C. et al., Respondents. — In a custody proceeding pursuant to article 6 of the Family Court Act, petitioner appeals from an order of the Family Court, Queens County (Fogarty, J.), dated November 22, 1982, which awarded custody of the child Zamian C. to respondent Evaristo G., and granted liberal visitation rights to petitioner. Order modified, on the law, by deleting therefrom the provision which awarded visitation rights to petitioner. As so modified, order affirmed without costs or disbursements. The Family Court was correct in determining that the best interests of the child Zamian C., required that custody be awarded to respondent Evaristo G., but the award of visitation rights to petitioner was error. In a companion proceeding pursuant to article 5 of the Family Court Act to establish the paternity of the child, the Family Court held that Evaristo G. failed to prove paternity. This court has now reversed so much of the order in the paternity proceeding as dismissed the petition against Evaristo G. and has declared that he is the father of the child (*Matter of Alicia C. v Evaristo G.,* 93 AD2d 820). Under these circumstances, there is no basis for providing visitation rights to petitioner. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELODY BOONE, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Leahy, J.), dated January 13, 1982, which granted that part of defendant's motion which was to dismiss the indictment against her. Order reversed, on the law, motion denied insofar as it was to dismiss the indictment, indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings. The evidence before the Grand Jury was legally sufficient to establish that the defendant committed the offenses set forth in the indictment (see CPL 190.65, subd 1); and the Assistant District Attorney's instructions sufficiently apprised the Grand Jury of the necessary elements of the counts charged (see *People v Calbud, Inc.,* 49 NY2d 389). Dismissal of the indictment was therefore unwarranted. Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.